**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

WOODY ALEXANDER CARTER,

*Defendant-Appellant.*

No. 02-4469

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-01-40)

Submitted: November 26, 2002

Decided: December 17, 2002

Before NIEMEYER and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Andrew B. Banzhoff, Asheville, North Carolina, for Appellant.
Thomas Richard Ascik, OFFICE OF THE UNITED STATES
ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Woody Alexander Carter appeals his convictions and sentence of consecutive terms of thirty-three and eighty-four months' imprisonment for assault with a firearm during a bank robbery, aiding and abetting, in violation of 18 U.S.C. §§ 2, 2113(d) (2000), and brandishing a firearm during a bank robbery, aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c)(1) (2000). Carter's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), arguing that Carter may have received ineffective assistance of counsel or prosecutorial misconduct, but stating that, in his view, there are no meritorious grounds for appeal. Advised of his right to file a pro se supplemental brief, Carter has not done so. Finding no reversible error, we affirm.

Carter argues his counsel was ineffective. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal unless the trial record conclusively establishes ineffective assistance of counsel. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, ineffective assistance of counsel claims generally should be pursued in a 28 U.S.C. § 2255 (2000) proceeding. *See United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). Because review of the record in this appeal does not conclusively establish ineffective assistance of counsel, we conclude Carter's claim should be brought, if at all, in a § 2255 proceeding, not on direct appeal. Carter makes no specific allegation of prosecutorial misconduct, and none is apparent in the record on appeal.

As required by *Anders*, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Carter's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*